UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

#24-CR-10090-WGY

_____

UNITED STATES

v.

WALTER NORTON

_____

### DEFENDANT'S MEMORANDUM AND EXHIBITS IN OPPOSITION TO GOVERNMENT'S ANTICIPATED MOTION FOR DETENTION

### INTRODUCTION

Defendant Walter Norton ["Norton"] was charged by criminal complaint on April 3, 2024 with conspiring to possess and distribute methamphetamine and marijuana. At his initial appearance before the Court (Boal, M.J.) on April 4th, the government moved for detention. At that time, Norton agreed to voluntary detention without prejudice, and he was ordered detained.

On April 11, 2024, Norton was indicted for conspiring to distribute and to possess with intent to distribute controlled substances, including 500 grams or more of a mixture containing methamphetamine, and with possession with intent to distribute methamphetamine and marijuana, all on April 3, 2024. The indictment further alleges that Norton has a prior serious drug felony conviction for which he served more than 12 months of imprisonment. His arraignment on the indictment is scheduled for April 23, 2024, and it is anticipated that the government will again move for detention. This memorandum and exhibits are being filed for the Court's consideration in anticipation of such a motion.

As set forth more fully herein, Norton is a 44 year-old resident of Atkinson, New Hampshire, where he lives with his longtime partner, Tiffany Perry, in a home they own together. He was born and raised in Lowell, Massachusetts and has lived in New Hampshire for the past decade. He was employed full-time from 2015 through 2023 and has a pending offer of full-time employment if released by the Court. While Norton does have a prior criminal record, his only arrest in the past 20 years resulted from his unlawful possession of Percocet pills he was taking for chronic back pain while awaiting surgery. That arrest resulted in a guilty/filed for a misdemeanor. The pending charges against Norton are obviously serious, but they stem from a single alleged instance of drug possession and do not involve an alleged course of conduct, firearms, or violence. In light of Norton's background, strong community ties, and solid release plan, there are clearly conditions of release that would reasonably assure his appearance as required and the safety of the community, and he should this be released on such conditions forthwith pending trial.

**I.      DEFENDANT'S BACKGROUND & CHARACTER.**

Walter Norton was born and raised in Lowell. He attended Lowell public schools and obtained a GED. After being released from federal prison on a prior drug conviction in 2013, he moved to New Hampshire. He and his longtime partner, Tiffany Perry, purchased a home together in Atkinson, NH in 2022. A copy of the deed is appended hereto as Exhibit 4. Norton has three siblings who live in New Hampshire and other family residing in Lowell. He does not abuse drugs or alcohol and has no history of mental illness.

Norton worked for an airport delivery service in East Boston (DDS) and as a dispatcher/event planner for DRT Business Staffing from 2015 through 2023. A letter from Dennis Troso, President of the companies that employed him, appended hereto as Exhibit 1, confirms his

employment, adding that he "always performed his duties well." Norton is a member of Local 429 of the Laborers' Union in Lowell. A letter to the Court from Jim Cardillo, Local 429 Field Supervisor, stating that Norton will be employed full-time if released on bail, is appended hereto as Exhibit 2.

The letter to the Court from Tiffany Perry, who has known Norton for nearly 30 years and been in a romantic relationship with him for the past decade, provides great insight into his character. Ms. Perry, a certified social worker in the public schools, attests to Norton's generosity to the community and his commitment to family. She describes him as a "nonviolent person" who has "never owned or possessed a firearm" and has "never lost his temper or threatened to harm another person." She promises the Court that she will do everything she can to ensure that Norton complies with whatever conditions the Court may see fit to impose if he is released. Ms. Perry's letter is appended hereto as Exhibit 3.

Three other letters from family or friends who know Norton well are attached as Exhibits 5-7, respectively. His niece, Alexia Sheehan, attests to his devotion to family. Exhibit 5. Tara Perry, a longtime friend and Tiffany's sister, describes Norton as "a kind and genuine person with a loving heart." Exhibit 6. Craig LaCrosse, a friend, describes Norton as "polite," "respectful, " "humble," and someone who is not a danger to himself or others. Exhibit 7.

## II.   DEFENDANT'S CRIMINAL HISTORY.

Norton's prior record will presumably be set forth in the Pretrial Services Report. Other than his 2016 arrest in Lowell (discussed *infra*), his most recent arrest was in January of 2004, resulting in felony drug charges in the United States District Court for the District of New Hampshire (Docket #04-CR-00057-JD). Norton pled guilty to conspiring to distribute more than 500 grams of cocaine

and was sentenced in 2005 to 132 months in the custody of the BOP, followed by four years of supervised release. He was released from prison in 2013 and completed his term of supervised release in 2018.

In 2016, Norton was arrested and charged in Lowell District Court with possession with intent to distribute Class B. On information and belief, he unlawfully possessed approximately twelve Percocet tablets which he was taking to alleviate chronic back pain while awaiting surgery. The charges were reduced to simple possession of Class B, a misdemeanor. Norton was found guilty, and the case was placed on file in 2017. A copy of the docket sheet (#1611CR005302) is appended hereto as Exhibit 8.

### III.  NATURE OF OFFENSE CHARGED & WEIGHT OF THE EVIDENCE.

Under the bail statute, 18 U.S.C. §3142(g)(1)&(2), the Court should consider, *inter alia*, the nature and circumstances of the offense charged and the weight of the evidence. Norton stands charged with two non-violent drug offenses (conspiracy and possession with intent to distribute), both arising out of a single transaction on April 3, 2024. There is no allegation that any firearms or violence were involved, that there was an identified victim, or that Norton was involved in unlawful activity on any other date.

As for the strength of the government's case, no discovery has been provided to undersigned counsel to date. Based on the complaint affidavit executed by DEA Special Agent Ryan P. Glynn, the government alleges that Norton was arrested on April 3rd after he emerged from the investigative target's residence, failed to stop for officers who sought to pull his vehicle over, collided with another vehicle, and fled on foot with a bag, later recovered by police, containing approximately 4.5 kilograms of pills that field-tested positive for fentanyl or methamphetamine.

*Complaint Affidavit*, ¶¶27-28.  Since undersigned counsel has not yet received any discovery, he cannot meaningfully address the strength of the government's case at this early juncture, though Norton is, of course, presumed to be innocent.

## IV.     SUMMARY OF RELEVANT LAW.

In order to justify detaining a defendant pending trial, the Court must find: (1) by clear and convincing evidence that the defendant is a danger to the community; or (2) by a preponderance of the evidence that the defendant poses a risk of flight.  18 U.S.C. § 3142(f).  Even if one or both of these findings is made, the Court may order detention only if it determines that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.  18 U.S.C. § 3142(e).  Where a grand jury has found probable cause to believe that the defendant has committed an offense under the Controlled Substances Act, it is presumed that no condition or combination of conditions will suffice.  18 U.S.C. § 3142(e)(3)(A).  However, this presumption imposes only a burden of production on a defendant; the burden of persuasion remains with the government.  *United States v. Moss*, 887 F.2d 333, 338 (1st Cir. 1989).

## V.     DISCUSSION AND RECOMMENDATION.

Based on the totality of circumstances, the government cannot show that Norton's release on conditions set by the Court would likely pose either a risk of flight or a danger to the community. With respect to risk of flight, he is a lifelong resident of the Lowell/Southern New Hampshire area, a homeowner, and most of his family (including his siblings and longtime partner, whom he lives with) reside in that area as well.  He has a passport which he will surrender if ordered to do so.  If the Court is at all concerned that this middle-aged man will abandon his longtime partner, his home,

and his family and head for the hills, it can order electronic monitoring, though counsel suggests that is not necessary.

With respect to dangerousness, there is no evidence that Norton is likely to engage in unlawful conduct if released. While he has a criminal record, including a prior federal drug felony conviction, his sole arrest in the past 20 years resulted in a guilty/filed for a misdemeanor. No firearms or violence were involved in the instant offense, and there is no evidence that Norton engaged in a protracted course of criminal conduct prior to his April 3rd arrest. Letters from those who know him well attest to his reliability and good character. He has a history of steady employment and has been offered full-time employment if released.

Accordingly, the Court should order Norton's release upon reasonable conditions. Since he has some financial assets, the Court may deem it appropriate to order the posting of cash bail. In the alternative, the Court could consider having Norton post his one-half ownership of his residence as collateral. It is further suggested that Norton be required to reside at his home in Atkinson, NH and to maintain employment while on release.

    Respectfully submitted,

    **WALTER NORTON**

    By his attorney,

    /s/ James L. Sultan
    James L. Sultan, BBO #488400
    jsultan@rankin-sultan.com
    Rankin & Sultan
    1666 Massachusetts Avenue, #P-16
    Lexington, MA 02420
    (617) 720-0011

**CERTIFICATE OF SERVICE**

      I hereby certify that this document(s) filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 22, 2024.

                                                        /s/ James L. Sultan

## EXHIBITS

Letter of Dennis Troso. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . EXHIBIT 1

Letter of Jim Cardillo. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . EXHIBIT 2

Letter of Tiffany Perry. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . EXHIBIT 3

Warranty Deed. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . EXHIBIT 4

Letter of Alexia Sheehan. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . EXHIBIT 5

Letter of Tara Perry. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . EXHIBIT 6

Letter of Craig LaCrosse. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . EXHIBIT 7

Electronic Docket Sheet Lowell District Court, No. 1611CR005302. . . . . . . . . . . . . EXHIBIT 8