UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Crim. No. 24-10090-WGY |
| | ) |
| WALTER NORTON, | ) |
| | ) |
| Defendant | ) |

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO SUPPRESS STATEMENTS

The United States of America, by its attorneys Leah B. Foley, United States Attorney for the District of Massachusetts, and Assistant United States Attorney Katherine Ferguson, hereby submits its Response to Defendant Walter Norton's Motion to Suppress Statements. [Dkt. 31] Norton has moved to suppress "any and all statements he made to law enforcement agents at the Danvers, Massachusetts State Police barracks or thereafter following his arrest on April 3, 2024." Without conceding the merit of Norton's motion, the government does not intend to introduce any statements made by Norton on April 3 or 4, 2024, to law enforcement officers following his

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

arrest.[1]  As such, Norton's Motion to Suppress Statements is moot.

                                         Respectfully submitted,

                                         LEAH B. FOLEY
                                         UNITED STATES ATTORNEY

By:    */s/ Katherine Ferguson*
        Katherine Ferguson
        Assistant United States Attorney

Dated:  February 8, 2025

CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                           */s/ Katherine Ferguson*
                                           Katherine Ferguson
                                           Assistant United States Attorney

Date:  February 8, 2025

---

[1] The government may seek to introduce the contents of a telephone call made by Norton to his paramour, Tiffany Perry, from the State Police barracks on April 3, 2024.  The government does not understand these statements, which were not made to law enforcement officers, to be a subject of Norton's Motion to Suppress Statements, and in any event, they were not a product of custodial interrogation.  *See United States v. Antonelli*, 434 F.2d 335, 337-38 (2d Cir. 1970) ("We conclude, therefore, that since appellant's statements were made to persons not law enforcement officers or their agents, there was no police or 'custodial interrogation' within the meaning of Miranda, and that no warnings need have been given."); *see also United States v. Burns*, 15 F.3d 211, 214-15 (1st Cir. 1994) (Miranda does not apply to "statements obtained from a defendant by persons without law enforcement responsibilities").