UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>WALTER NORTON, )<br>Defendant ) | Crim. No. 24-10090-WGY |

GOVERNMENT'S MOTION *IN LIMINE* TO LIMIT CROSS-EXAMINATION
QUESTIONS CONCERNING WITNESS'S PRIOR CRIMINAL RECORD

The United States, by and through its attorneys, Leah B. Foley, United States Attorney for the District of Massachusetts, and Assistant United States Attorneys Katherine Ferguson and Alathea E. Porter, hereby moves *in limine* to preclude at trial any cross-examination of a government witness into prior arrests that resulted in dismissal.

The government anticipates calling a witness in its case in chief (the "Witness") who has a criminal history that includes August 2002 charges of trespassing and malicious damage to property that were dismissed that same year.

Federal Rule of Evidence Rule 609(a) allows for the impeachment of a witness other than the accused by evidence of a felony conviction, subject to Rule 403, or by evidence of a misdemeanor conviction, if the court can readily determine that establishing the elements of the crime required proving – or the witness admitting – a dishonest act or false statement. Rule 609(b) generally limits the use of such evidence to convictions that are ten years old or less. A party seeking to use evidence of a conviction that is more than ten years old must show that its probative value substantially outweighs its prejudicial effect and give notice of the intent to use such evidence. Evidence of arrests that resulted in a dismissal or acquittal is not admissible under

1

Rule 609.

Under Federal Rule of Evidence 608(b), "[s]pecific instances of conduct of a witness, for the purpose of attacking or supporting the witness'[s] character for truthfulness . . . may not be proved by extrinsic evidence." At the Court's discretion, such instances of conduct may be inquired into on cross-examination concerning the witness's character for truthfulness or untruthfulness only if the Court finds the instances of conduct to be probative of truthfulness or untruthfulness. Fed. R. Evid. 608(b). Rule 608(b)'s reference to conduct and its bar on extrinsic evidence have been construed to exclude evidence of charges or arrests, because they are not conduct of the witness. *See Hafner v. Brown*, 983 F.2d 570, 576 (4th Cir. 1992) (questioning of witness' prior arrests for petty theft, battery and wanton trespass, and unlawful possession of a controlled substance not permitted, noting "general prohibition against introducing past arrests not leading to conviction"); *United States v. Atwell*, 766 F.2d 416, 420 (10th Cir. 1985) (district court properly excluded inquiry into prior arrests). What the Supreme Court stated in 1948 is no less true today: "[A]rrest without more does not, in law any more than in reason, impeach the integrity or impair the credibility of a witness. It happens to the innocent as well as the guilty. Only a conviction, therefore, may be inquired about to undermine the trustworthiness of a witness." *Michelson v. United States*, 335 U.S. 469, 482 (1948).

Even if that were not the case, Rule 608(b) allows the trial court in its discretion to permit inquiry into only the prior conduct of a witness that concerns his character for truthfulness. The admission is subject to the balancing test under Rule 403. Here, neither dismissed charge against the Witness even arguably bears on his character for truthfulness. And the arrest on these charges

is over twenty years old.[1] There is no real basis to contend that the arrest or charges relates in any way to the Witness's character for truthfulness.

## CONCLUSION

For the foregoing reasons, the defendant should be precluded from questioning the Witness regarding his prior arrest on charges that were subsequently dismissed.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By:   */s/ Katherine Ferguson*
　　　Katherine Ferguson
　　　Alathea E. Porter
　　　Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Katherine Ferguson*
Katherine Ferguson
Assistant U.S. Attorney

May 9, 2025

---

[1] Old arrests are particularly troublesome. *United States v. Merida*, 765 F.2d 1205, 1216-17 (5th Cir. 1985) (court properly excluded evidence of old arrest); *United States v. McClintic*, 570 F.2d 685, 691 n.6 (8th Cir. 1978) (remoteness of conduct relevant to assessment of probative value).