UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WALTER NORTON, | ) | Criminal No. 24-10090-WGY |
| | ) | |
| Defendant. | ) | |
| | ) | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America, by and through its attorneys, Leah B. Foley, United States Attorney for the District of Massachusetts, and Assistant United States Attorneys Katherine Ferguson and Alathea E. Porter, hereby submits proposed jury instructions in response to the Court's pretrial order. The government requests that the Court instruct the jury in accordance with the proposed instructions, in addition to other instructions normally given. The government reserves its right to supplement or modify these instructions in light of the evidence and the requests, if any, filed by the defendant.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney


By:     /s/ Alathea E. Porter
        Alathea E. Porter
        Katherine Ferguson
        Assistant United States Attorneys

1

## DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW

It is your duty to find the facts from all the evidence admitted in this case.    To those facts you must apply the law as I give it to you.    The determination of the law is my duty as the presiding judge in this court.    It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy.    That means that you must decide the case solely on the evidence before you and according to the law.    You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.    You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return -- that is a matter entirely for you to decide.

*See* 2022 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, https://www.med.uscourts.gov/sites/med/files/crpjilinks.pdf, § 3.01.

**PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT**

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt.    The presumption is not a mere formality.    It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant.    The defendant before you has the benefit of that presumption throughout the trial, and you are not to convict him of any crime charged unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that the defendant is guilty of the crimes with which he is charged beyond a reasonable doubt.    The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.    This burden never shifts to the defendant.    It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence.    A defendant has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of the crimes charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt, it is your duty to acquit the defendant.    On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt, you should vote to convict him.

*See* 2022 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, § 3.02.

## NATURE OF INDICTMENT -- PRESUMPTION OF INNOCENCE

This criminal case has been brought by the United States of America.    I will sometimes refer to the government as the prosecution.    The government is represented at this trial by Assistant United States Attorneys Katherine Ferguson and Alathea Porter.    The defendant Walter Norton is represented by Attorney Richard Chambers, Jr.

The charges against the defendant are contained in an indictment.    The indictment is simply a description of the charges against the defendant; it is not evidence of anything.    The defendant has pleaded not guilty to the charges and denies committing the crimes.    The defendant is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven the guilt of the defendant beyond a reasonable doubt.

*See* 2022 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, § 1.02.

## DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY

The defendant has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that the defendant did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

*See* 2022 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, §3.03.

## WHAT IS EVIDENCE; STIPULATIONS; INFERENCES

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

*See* 2022 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, §3.04.

6

## KINDS OF EVIDENCE: DIRECT AND CIRCUMSTANTIAL

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Direct evidence is where a witness testifies to what he saw, heard, or observed.   In other words, when a witness testifies about what is known to him of his own knowledge by virtue of his own senses – what he sees, hears, touches, or feels – that is called direct evidence.   Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts.   Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

There is a simple example of circumstantial evidence which is often used in this courthouse.   Assume that when you came into the courthouse this morning the sun was shining and it was a nice day.   Assume that later in the day, as you were sitting in the jury room, someone walked in with an umbrella which was dripping wet.   Somebody else then walked in with a raincoat which also was dripping wet.

Now, you cannot look outside of the jury room and you cannot see whether or not it is raining.   So you have no direct evidence of that fact.   But, on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.   Inferences are deductions or conclusions which reason and common sense lead you to draw from the facts as established by the evidence.

That is all there is to circumstantial evidence.   You infer on the basis of reason and

experience and common sense from an established fact the existence or the nonexistence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt from all of the evidence in the case.   In reaching your verdict it is permissible to draw and rely upon inferences from the evidence.

*See* 2022 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, § 3.05; and L. B. Sand, Modern Federal Jury Instruction: Criminal ¶ 5-2 (1990).

## WHAT IS NOT EVIDENCE

Certain things are not evidence. I will list them for you:

1.      Arguments and statements by lawyers are not evidence. The lawyers are not witnesses.    What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it.

3.      Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence. You must not consider such items.

4.      Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

5.      The indictment is not evidence. This case, like most criminal cases, began with an indictment. That indictment was returned by a grand jury, which heard only the government's side of the case. I caution you, as I have before, that the fact that the defendant has had an indictment filed against him is no evidence whatsoever of his guilt. The indictment is simply an accusation. It is the means by which the allegations and charges of the government are brought before this court. The indictment proves nothing.

*See* 2022 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, § 3.08.

## CONDUCT OF THE JURY

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the case sees you talking to a person from the other side—even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

Sixth, do not do any research on the internet about anything in the case or consult blogs or dictionaries or other reference materials, and do not make any investigation about the case on your own;

10

Seventh, do not discuss the case or anyone involved with it, or your status as a juror on any social media or look up any of the participants there.

Eighth, if you need to communicate with me simply give a signed note to the court security officer to give to me; and

Ninth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

*See* 2022 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, § 1.07.

## CSI EFFECT

Let me talk for a moment about television and movies.   Many people watch television shows or movies about police work or lawyers or the criminal justice system, and sometimes people are affected by that when they serve as jurors.   Television shows and movies can create false expectations about real life; for example, how the trial is going to proceed, what the evidence might look like.   You must decide this case on the evidence in front of you and the law as I give it to you.   Do not decide this case, even in part, based on something you saw on television or in a movie.   It's improper and unfair.

Adapted from the preliminary charge in *United States v. Diana Piesak*, 06-500016-FDS.

## CREDIBILITY OF WITNESSES

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented. You do not have to accept the testimony of any witness if you find the witness not credible. You must decide which witnesses to believe and which facts are true.    To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

## EXPERT WITNESSES

You have heard testimony from persons described as experts. An expert witness has special knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony. In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

*See* 2022 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, § 2.07.

## "ON OR ABOUT" - EXPLAINED

The indictment charges that the offenses alleged were committed "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the dates charged.

Adapted from Devitt, Blackmar, Wolff, and O'Malley, *Federal Jury Practice and Instructions*, §13.05 (4th Ed. 1992).

## PROOF MAY BE DISJUNCTIVE

To the extent the indictment uses the conjunctive word "and," it is sufficient if the government proves the offense in the disjunctive, as if the word "or" had been used.

*See United States v. Garcia-Torres*, 341 F.3d 61, 66 (1st Cir. 2003) ("where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means"); *United States v. McCann*, 465 F.2d 147, 162 (5th Cir. 1972); *Fields v. United States*, 5008 F.2d 885, 887 (5th Cir. 1969).

**MOTIVE**

The question of whether someone committed an act knowingly or intentionally should never be confused with the motivation for the act.   Motive is what prompts a person to act or fail to act.   The concept of motive is different than the concept of knowledge or intent.   Intent and knowledge refer only to the state of mind with which the act is done or omitted.

The government is never required to prove motive.   In addition, good motive, if any, is never a defense where the act done or omitted is a crime.   For purposes of determining innocence or guilt, therefore, the motive of a defendant is immaterial except insofar as evidence of motive may aid in the determination of his state of mind or his intent.

*See* Devitt, Blackmar, Wolff, and O'Malley, *Federal Jury Practice and Instructions*, §17.06 (4th ed. 1992); *United States v. Payne*, 83 F.3d 346, 347 (10th Cir. 1996) (carjacker's motive for stealing car irrelevant).

## COUNT ONE—CONSPIRACY

The defendant is accused of conspiring to commit a federal crime, specifically the crime of distributing, and possessing with intent to distribute, controlled substances.   It is against federal law to conspire with someone to commit this crime.   I will discuss the specific elements of the crime of distribution and possession with intent to distribute controlled substances shortly.

First, I would like to describe in general what a conspiracy is.   A conspiracy is a kind of criminal partnership—a combination or agreement of two or more persons to accomplish some unlawful purpose.   The crime of conspiracy is an independent offense.   It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."   Indeed, you may find a defendant guilty of the crime of conspiracy even though the substantive crime that was the object of the conspiracy was not committed.

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy is not successful.   This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct and increases the likelihood of success of a particular criminal venture.

For you to find a defendant guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, that the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to distribute and to possess with intent to distribute controlled substances; and

Second, that the defendant willfully joined in that agreement;

A conspiracy is an agreement, spoken or unspoken.   The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details.   But the government must prove beyond a reasonable doubt that those who were

involved shared a general understanding about the crime.   Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed—that is to say, with bad purpose, either to disobey or disregard the law—not to act by ignorance, accident, or mistake.   The government must prove two types of intent beyond a reasonable doubt before a defendant can be said to have willfully joined the conspiracy:   an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed.   Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors.   Intent may be inferred from the surrounding circumstances.

Proof that a defendant willfully joined in the agreement must be based upon evidence of his own words and/or actions.   You need not find that a defendant agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture.   Even if a defendant was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later.   On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

The extent of a defendant's participation has no bearing on the issue of a defendant's guilt. A conspirator's liability is not measured by the extent or duration of his or her participation. Indeed, each member may perform separate and distinct acts and may perform them at different

times.   One conspirator may play a major role, while another may play a minor part in the scheme.   An equal role is not what the law requires.   I want to caution you, however, that a defendant's mere presence at the scene of the alleged crime does not, by itself, make him or her a member of the conspiracy.   Similarly, mere association with one or more members of the conspiracy does not automatically make a defendant a member.   A person may know, or be friendly with, a criminal, without being a criminal himself.   Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

The government does not have to prove that the conspiracy succeeded or was achieved. Nor do you have to find that any individual who participated in the conspiracy ever possessed a controlled substance.   The crime of conspiracy is complete upon the agreement to commit the underlying crime.

Adapted from 2022 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, § 4.21.846; Sand, Modern Federal Jury Instructions, § 19.01 (2012);. *United States v. Martinez-Medina*, 279 F.3d 105, 113-14 (1st Cir. 2002); *United States v. Rosa*, 17 F.3d 1531, 1543-44 (2d Cir. 1994); *United States v. Pinellos-Prieto*, 419 F.3d 61, 66, 68-69 (1st Cir. 2005) (affirming conspiracy conviction where "[n]o drugs, money, or weapons were ever found on or near any defendant")

## CONSPIRACY—SILENT UNDERSTANDING

In order to establish the existence of a conspiracy, the government need not show that the conspirators entered into any express agreement or formal agreement.   It is not necessary to show that the conspirators directly, by spoken or written words, stated among themselves exactly what their object or purpose was, or exactly what the details of the scheme were, or exactly what means they would adopt to achieve their goals.   Indeed, it would be extraordinary if there were or had been such formal meeting, or documents, or even a specific oral agreement.   A conspiracy is, by its very nature, usually secret in its origin and its execution.   It is sufficient if the government demonstrates conduct evidencing a silent understanding to share a purpose to violate the law.

*See United States v. Paramount Pictures, Inc.*, 334 U.S. 131, 142 (1948); *United States v. Rivera-Santiago,* 872 F.2d 1073, 1079 (1st Cir. 1989); *United States v. Addonizio*, 451 F.2d 49, 74 (3d Cir. 1971); *United States v. Palladino*, 203 F. Supp. 35, 37-38 (D. Mass. 1962).

### CONSPIRACY—CIRCUMSTANTIAL EVIDENCE OF AGREEMENT

Because a conspiracy by its very nature is often secret, neither the existence of the agreement, nor the fact of a defendant's participation in it, must be proved by direct evidence; both may be inferred from the development and course of the dealings between or among the alleged conspirators.

*See United States v. Rivera-Santiago*, 872 F.2d 1073, 1079 (1st Cir. 1989); *United States v. Stubbert*, 655 F.2d 453, 456 (1st Cir. 1981); *United States v. Hathaway*, 534 F.2d 386, 5000-5001, (1st Cir. 1976); *United States v. Guerro*, 693 F.2d 10, 12 (1st Cir. 1982); *United States v. Patterson*, 644 F.2d 890, 893 (1st Cir. 1981); *United States v. Nardi*, 633 F.2d 972 (1st Cir. 1980).

**POSSESSION WITH INTENT TO DISTRIBUTE CONTROLLED SUBSTANCES**

The defendant is also charged in count three with possessing 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, and marijuana on or about April 3, 2024, with intent to distribute the drugs to others. It is against federal law to have methamphetamine or marijuana in your possession with the intention of distributing it to someone else. For you to find the defendant guilty of this crime you must be convinced that the government has proven each of these things beyond a reasonable doubt:

First, that the defendant on or about the dates specified possessed controlled substances, either actually or constructively;

Second, that that he did so with a specific intent to distribute the controlled substances over which he had actual or constructive possession; and

Third, that he did so knowingly and intentionally.

It is not necessary for you to be convinced that the defendant actually delivered the controlled substances to someone else, or that he would make any money out of a potential transaction. It is enough for the government to prove, beyond a reasonable doubt, that the defendant had in his possession what he knew was a controlled substance and that he intended to transfer it or some of it to someone else.

A person's intent may be inferred from the surrounding circumstances. Intent to distribute may, for example, be inferred from a quantity of drugs larger than that needed for personal use. In other words, if you find that a defendant possessed a quantity of methamphetamine or marijuana—more than that which would be needed for personal use—then you may infer that the defendant intended to distribute the methamphetamine or marijuana. The law does not require you to draw such an inference, but you may draw it. The government need not prove that the defendant knew which particular controlled substance was involved. Similarly, the government

is not required to prove that the defendant knew the specific weight or amount of the controlled substance involved. What the government must prove beyond a reasonable doubt is that the defendant knew what he possessed was a controlled substance.

This count alleges that the defendant possessed both a mixture and substance containing methamphetamine and marijuana.   The government does not have to prove that the defendant possessed *both* methamphetamine *and* marijuana in order for you to find the defendant guilty of this count.   It is sufficient for the government to prove that the defendant possessed one or both of those controlled substances with the intent to distribute that controlled substance.

## THE MEANING OF "POSSESS"

The term "possess" means to exercise authority, dominion or control over something. The law recognizes different kinds of possession. "Possession" includes both actual and constructive possession. A person who has direct physical control of something on or around his or her person is then in actual possession of it. A person who is not in actual possession, but who has both the power and the intention to exercise control over something is in constructive possession of it. Whenever I use the term "possession" in these instructions, I mean actual as well as constructive possession.

"Possession" also includes both sole possession and joint possession. If one person alone has actual or constructive possession, possession is sole. If two or more persons share actual or constructive possession, possession is joint. Whenever I have used the word "possession" in these instructions, I mean joint as well as sole possession.

**QUANTITY OF CONTROLLED SUBSTANCE INVOLVED**

If you find the defendant guilty of count one or three, you will be asked to address one additional element and it is concerning the quantity of the methamphetamine involved. Like the other elements, the quantity of the substance must be proved beyond a reasonable doubt. In count one, you must decide whether the conspiracy involved at least 500 grams of methamphetamine, and you must further decide whether at least 500 grams of methamphetamine were reasonably foreseeable by or attributable to Walter Norton.    In count three, you must decide whether the quantity of the methamphetamine that Norton possessed was at least 500 grams.

The quantity of methamphetamine is defined as a mixture or substance containing a detectable amount of that drug. The purity of a controlled substance is irrelevant and the government is not required to prove how much pure methamphetamine was in the mixture or substance.

*See* Hornsby's Updated Pattern Crim. Jury Instr. 1st Cir. § 4.21.841(a)(1)A (2017).

**CONTROLLED SUBSTANCE**

As a matter of law, I instruct you that methamphetamine is a Schedule II controlled substance, and that marijuana is a Schedule I controlled substance under federal law. You must take this as a fact, regardless of your personal feelings about whether or not controlled substances should be classified as controlled substances under federal law.

### INTENT

To act with intent refers to a mental condition or state of mind.    Such mental states cannot ordinarily be proved directly for the obvious reason that there is no practical way of being able to look inside a person's mind and find out what is there.    Rather, a person's intent may be judged by a person's actions, by what that person says or does, and by the surrounding circumstances. In this connection you may consider any actions undertaken by the defendant and any statements made by him and all other facts and circumstances in evidence which bear on his state of mind to determine his state of mind with respect to the crimes charged in the indictment.

*See* Devitt and Blackmar, *Federal Jury Practice and Instructions*, 14.13 (3d ed. 1977).

## DEFINITION OF "KNOWINGLY"

The word "knowingly" as that term has been used in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

*See* 2022 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, § 2.15.

## ACTS AND DECLARATIONS OF CO-CONSPIRATORS

I have admitted into evidence certain acts and statements of individuals because these acts and statements are alleged to have been committed during the course and in furtherance of the crime.

The reason for allowing this evidence to be received against this defendant has to do with the nature of the crime of conspiracy.    A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.    This is so even if the acts or statements in question were done or made in the absence of the defendants and without his knowledge.

However, before you consider the statements or acts of a coconspirator in deciding the issue of a defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme.    If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy or if they were not done or said in furtherance of the conspiracy, they may not be considered by you as evidence against the defendant.

*See United States v. Petrozziello*, 548 F.2d 20, 23 (1st Cir.    1977); L.B. Sand, *Modern Federal Jury Instructions: Criminal*, §19-9 (1990); *United States v. Angiulo*, 847 F. 2d 956, 969 (1st Cir. 1988) ("As long as it is shown that a party, having joined a conspiracy, is aware of the conspiracy's features and general aims, statements pertaining to the details of plans to further the conspiracy can be admitted against the party even if the party does not have specific knowledge of the acts spoken of.").    Devitt and Blackmar, *Federal Jury Practice and Instructions*, §14.13 (3d ed. 1977).

## PUNISHMENT

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.   The duty of imposing sentence rests exclusively upon me.   Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.   Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

*See* L. B. Sand, *Modern Federal Jury Instructions: Criminal*, §9-1 (1990).

## FOREPERSON'S ROLE; UNANIMITY

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so.   You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court.    Your verdict must be unanimous.

*See* 2022 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, § 6.01.

## REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.    But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try.    There is no reason to think it could be better tried or that another jury is better qualified to decide it.    It is important therefore that you reach a verdict if you can do so conscientiously.    If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them.    You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination.    Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

*See* 2022 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, § 6.03.

**RETURN OF VERDICT FORM**

I want to read to you now what is called the verdict form.   This is simply the written notice of the decision you will reach in this case.

**[Read verdict form.]**

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

*See* 2022 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, § 6.04.

## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.   If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time.   You may continue with your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

*See* 2022 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, § 6.05.

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on May 9, 2025, I caused a copy of the foregoing document to be served via the ECF system on all counsel of record.

Dated:   May 9, 2025                    By:   */s/ Alathea E. Porter*
                                              Alathea E. Porter
                                              Assistant United States Attorney